IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PETER GRIGG,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIDAN MEMORIAL HOSPITAL ASSOCIATION,<br><br>Defendant. | CV 26-17-GF-DWM<br><br>OPINION and ORDER |

Plaintiff Peter Grigg, proceeding pro se, alleges that he was discriminated against and wrongfully discharged by his former employer, Defendant Sheridan Memorial Hospital Association ("Sheridan Memorial"). (*See* Doc. 1-3.) Sheridan Memorial seeks summary judgment, arguing that Grigg is a vexatious litigant, he failed to exhaust his administrative remedies, and his claims lack merit. (Doc. 41.) That motion is granted, primarily on exhaustion grounds.

**BACKGROUND**

Because Grigg did not file a statement of disputed facts as required, the facts as presented by Sheridan Memorial are generally accepted as undisputed. (*See* Doc. 43); D. Mont. L.R. 56.1(d). However, the evidence is viewed in the light most favorable to Grigg, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

On March 3, 2025, Sheridan Memorial hired Grigg as a Certified Nursing

Assistant. (Doc. 43 at ¶ 5; Doc. 45-1.) As part of his onboarding, Grigg completed and signed a voluntary personal information form, on which he self-identified as white, (Doc. 45-2), and a "Probationary Period" form that stated new employees could be terminated at-will during their first six months of employment, (Doc. 45-3). Sheridan Memorial's employee grievance procedure does not apply to probationary employees. (Doc. 45-7 at 1.) On June 20, 2025, following Grigg's scheduled night shift, a patient under Grigg's care was found with significant bruising by the morning Certified Nursing Assistant. (*See* Doc. 45-4 at 1, 3; Doc. 43 at ¶ 9.) As a result, Grigg was placed on administrative leave beginning June 24, 2025. (Doc. 45-5.) Following an investigation, he was terminated from his employment on June 30, 2025. (Doc. 45-6.) Grigg maintains he did not cause the patient's injury, noting that one of the other nurses, an African American woman, indicated that the bruising was already present on the morning of June 19 (before Grigg's shift) and that she did not report it at that time. (*See* Doc. 45-4 at 3–4.)

In July 2025, Grigg filed the present action against Sheridan Memorial in North Dakota state court, alleging "[u]nlawful dismissal/wrongful termination"; "bias, discrimination, extreme prejudice, excessive punishment, retaliation & persecution," "[r]acial, ethical & [n]ational [o]rigin discrimination," and "violations of U.S. & Montana Constitutional Rights, Civil Rights & Disability Rights." (*See* Doc. 1-3.) Sheridan Memorial removed the case to United States

District Court for the District of North Dakota, (Doc. 1), and it was subsequently transferred to this Court on a change of venue motion, (Docs. 26, 28). A scheduling order was entered in March 2026, and the matter is set for trial on October 14, 2026. (Doc. 39.) Sheridan Memorial filed a motion for summary judgment on August 3, 2026, (Docs. 41–45), which Grigg opposes, (Doc. 48).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it impacts the outcome of the case in accordance with governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014). Nonetheless, the nonmoving party must identify, with some reasonable particularity, the evidence that it believes precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (explaining that while pro se parties are exempted from "*strict* compliance with the summary judgment rules," they are "not exempt[ed] . . . from *all* compliance," such as the requirement to identify or submit competent evidence in support of their claims).

## ANALYSIS

Sheridan Memorial asserts that it is entitled to summary judgment on the grounds that: (1) Grigg is a vexatious litigant, (2) he failed to exhaust his administrative remedies, and (3) his claims fail on the merits on this record. Grigg insists that he was wrongfully discharged and he has a right to pursue his claims at trial. Ultimately, Sheridan Memorial is entitled to summary judgment because Grigg failed to exhaust his administrative remedies for his discrimination and retaliation claims. While the remainder of his claims are properly dismissed because they are fundamentally based on the same alleged misconduct, Grigg's constitutional claims and state law wrongful discharge claim also fail on the merits.

### I. Vexatious Litigant

Sheridan Memorial first argues that because the Montana Supreme Court has declared that Grigg is a vexatious litigant, his complaint should be dismissed. While Sheridan Memorial is correct regarding his designation, that designation only extends to Montana courts. *See Grigg v. Beaverhead EMS*, 521 P.3d 25, 27–28 (Mont. 2022) ("We declare Peter Grigg to be a vexatious litigant and impose a restriction on his ability to file future proceedings in any Montana court[.]"). To be sure, the substantive considerations underlying a vexatious litigant designation in Montana are the same under federal law. *See Motta v. Granite Cnty. Com'rs*, 304 P.3d 720, 723–24 (Mont. 2013) (applying the Ninth Circuit's "five-factor test

to examine whether a pre-filing order is justified"); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (outlining factors). However, before prefiling restrictions can be placed on a litigant in federal court, a district court must give the plaintiff notice and a chance to be heard, compile "an adequate record for review," make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and narrowly tailor the filing limitation "to closely fit the specific vice encountered." *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted). Because Grigg has not yet been declared a vexatious litigant consistent with that process in federal court, his status in Montana does not impose a pre-filing limitation in this Court. It is worth noting, however, that the record supports the inference that Grigg filed this case in North Dakota to specifically avoid the pre-filing requirements imposed in Montana.

## II. Exhaustion

Sheridan Memorial further argues that Grigg's claims are barred because he failed to exhaust his administrative remedies. That argument is persuasive. The gravamen of Grigg's complaint is that he was discriminated against in his employment based on his race, ethnicity, and national origin. (*See* Doc. 1-3.) His other claims are based on that fundamental allegation. Because those claims must first be presented to either the Equal Employment Opportunity Commission, 42

U.S.C. § 2000e-5(f); *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002), or the Montana Human Rights Bureau, Mont. Code Ann. § 49–2–512(1), and Grigg concedes he has not done either here, (Doc. 43 at ¶ 27), Sheridan Memorial is entitled to summary judgment on all Grigg's claims. But even if this exhaustion bar did not extend to Grigg's constitutional or state-law wrongful discharge claims, those claims fail for the reasons stated below.

## III. Merits

Reading his pleading liberally, in addition to his discrimination and retaliation claims, Grigg has alleged: a First Amendment claim, a Fourteenth Amendment due process claim, and a wrongful termination claim. These claims fail on the merits.

### A. First Amendment and Due Process

"Under the First Amendment, as made applicable to the states through the Fourteenth Amendment, a public employer may not fire an employee by reason of his exercise of free speech rights." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). "But the First Amendment protects individuals only against government, not private, infringements upon free speech rights." *Id.* "Individuals bringing actions against private parties for infringement of their constitutional rights, therefore, must show that the private parties' infringement somehow constitutes state action." *Id.* Grigg has failed to do so here. Sheridan

Memorial is a private employer and Grigg has presented no evidence that it has engaged in a "traditionally exclusive government function," *id.* at 1230, acted in concert or jointly with a state actor in its decision to terminate his employment, *id.* at 1230–32, or was compelled by a state actor to discharge him, *id.* at 1232. Accordingly, Grigg's First Amendment claim fails as a matter of law. Grigg's due process claim fails for the same reason. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) ("Th[e Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." (internal quotation marks omitted)).

**B. Wrongful Discharge**

Finally, to the extent Grigg's pleading can be read to present a wrongful discharge claim under state law, such a claim fails. While Montana has adopted a for-cause employment regime, *see* Mont. Code Ann. §§ 39–2–901 to –915, probationary employees are excluded from those protections, Mont. Code Ann. § 39–2–904(2) ("During a probationary period of employment, the employment may be terminated at the will of either the employer or the employee on notice to the other for any reason or for no reason.").[1]

[1] To the extent his claim could be governed by North Dakota law, North Dakota is an at-will employment state, which means that Sheridan Memorial could terminate him at any time for any legal reason. *See* N.D.C.C. § 34–03–01 ("An employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title.").

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Sheridan Memorial's motion for summary judgment (Doc. 41) is GRANTED. The October 14, 2026 trial and associated deadlines are VACATED. The Clerk is directed to enter judgment in favor of Sheridan Memorial and against Grigg and close the case file.

DATED this 31st day of August, 2026.

Donald W. Molloy 14:48 P.M.

Donald W. Molloy, District Judge
United States District Court